12-3494-ag
Lin v. Holder

BIA
A079 433 053

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of March, two thousand fourteen.

PRESENT:
BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
    *Circuit Judges.*

_____

WEI YONG LIN,
    *Petitioner,*

        v.                                12-3494-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:          Lee Ratner, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:          Jacob Bashyrov (Stuart F. Delery, Assistant Attorney General; Eric W. Marsteller, Senior Litigation Counsel; Rosanne M. Perry, Trial Attorney, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Wei Yong Lin, a native and citizen of the People's Republic of China, seeks review of an August 21, 2012, decision of the BIA denying his motion to reopen. *In re Wei Yong Lin*, No. A079 433 053 (B.I.A. Aug. 21, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien generally must file a motion to reopen within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although Lin's motion was indisputably untimely because it was filed more than seven years after the agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there is no time limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii).

2

However, Lin's activities in the United States do not constitute changed conditions in China excusing the untimely filing of his motion to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005). Moreover, the BIA did not abuse its discretion in finding that Lin otherwise failed to demonstrate materially changed circumstances in China based on local Chinese government officials' discovery of his activities in the United States because the BIA reasonably relied on the IJ's underlying adverse credibility determination to decline to credit the only evidence of such knowledge. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (relying on the doctrine *falsus in uno, falsus in omnibus* to conclude that the BIA may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying asylum proceeding (citing *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007))). Accordingly, because the BIA did not err in finding that Lin failed to demonstrate material changed country conditions in China, it did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c).

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition and the motion to waive oral argument are DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk